# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

SIDNEY MEJIA,

          Petitioner,    :    Case No. 2:22-cv-3257

- vs -    District Judge Edmund A. Sargus, Jr.
    Magistrate Judge Michael R. Merz

TOM WATSON,

    :

          Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's combined motion to alter or for relief from judgment under Fed.R.Civ.P. 59(e) and 60(b)(6)(ECF No. 28).  As post-judgment motions they call for a report and recommendations from the assigned Magistrate Judge under Fed.R.Civ.P. 72(b)(3).

On Judge Sargus's Order, the Clerk entered judgment dismissing the case on October 11, 2023 (ECF No. 28).  The docket contains the Clerk's certificate that the judgment was mailed to Petitioner at his address of record, Ohio's North Central Correctional Institution in Marion, Ohio. *Id.* In his Order to enter judgment, Judge Sargus noted that no objections had been received to the Magistrate Judge's Supplemental Report and Recommendations and that the time for objections had expired (ECF No. 27).

In is instant Motion asserts that he is no longer house at North Central Correctional, but has been transferred to Northeast Ohio Correctional Institution ("NEOCC")(Motion, ECF No. 28,

PageID 317). He claims that on advice of his co-defendant he mailed a change of address to the Court. *Id.* No such change of address has been received and docketed by the Clerk. Therefore the judgment was mailed to his old address. He admits that it was received at NEOCC on October 18, 2023.

The Magistrate Judge filed a Report recommending dismissal on July 24, 2023 (ECF No. 19). The Report advised Mejia that he had seventeen days in which to file objections, fourteen days under Fed.R.Civ.P. 72 plus three days under Fed.R.Civ.P. 6 because the Report was served by mail. Mejia obviously received that Report because he requested and received an extension of time to object to September 13, 2023 (ECF Nos. 20, 21). He did not use all of that time, but filed Objections August 31, 2023.[1]

Judge Sargus recommitted the case and the undersigned filed a Supplemental Report on September 18, 2023 (ECF No. 25). The Supplemental Report contained the same notice of a seventeen-day objection period as the original Report. *Id.* at PageID 288-89. That time expired October 5, 2023. Mejia asserts he received it October 18, 2023, but he never sought an extension of time never advised the Court of the address mix-up, and never filed objections to the Supplemental Report. He claims "Petitioner had every intention of objecting to any recommendation of dismissal or denial, when and if he were notified of such. A denial of that opportunity to object would constitute a manifest injustice." (Motion, ECF No. 28, PageID 317). Whatever his intentions, he waited from October 18th until November 24, 2023 (See postmark at PageID 321) to raise the issue.

The Fed.R.Civ.P. 59(e) portion of the Motion must be denied because it is untimely. Fed.R.Civ.P. 6 expressly forbids extending the time to file such a motion beyond the twenty-eight

---

[1] Mejia did not take advantage of the prison mailbox rule, but mailed the Objections himself; they did not arrive until August 31, 2023. He at that point continued to use the Marion, Ohio, return address (ECF No. 23-1).

days set in Rule 59. That time expired November 8, 2023, and the instant Motion was not filed until November 30, 2023.

There is no absolute time limit on a motion under Fed.R.Civ.P. 60(b)(6), but Petitioner has not shown he is entitled to relief under that rule.

> Rule 60(b)(6) is a "catchall" provision that "vests courts with a deep reservoir of equitable power to vacate judgments 'to achieve substantial justice' in the most 'unusual and extreme situations.'" *Zagorski v. Mays*, 907 F.3d 901, 904 (6th Cir. 2018) (quoting *Stokes v. Williams,* 475 F.3d 732, 735 (6th Cir. 2007)). The Sixth Circuit has made clear that Rule 60(b)(6) "applies only in exceptional or extraordinary circumstances where principles of equity mandate relief." *West v. Carpenter,* 790 F .3d 693, 696-97 (6th Cir. 2015) (citing *McGuire v. Warden, Chillicothe Corr. Inst.,* 738 F.3d 741,750 (6th Cir. 2013)). In other words, Rule 60(b)(6) is to be used rarely-especially in habeas corpus. *See Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005).

*Hand v. Houk,* 2020 U.S. Dist. LEXIS 41511 *3 (S.D. Ohio Mar. 10, 2020)(Watson, J.).

Petitioner claims it would create a manifest injustice not to let him argue the merits of his objections to the Supplemental Report and Recommendations, but there is no injustice at all in requiring Petitioner to follow the same rules applied to all litigants. Even now Petitioner has not tendered actual objections, but merely asked for more time in which to construct such objections.

**Conclusion**

The Rule 59(e) portion of Petitioner's Motion must be denied as untimely. As to the Rule 60(b)(6) portion, Petitioner has not shown it would be inequitable to allow the judgment to stand. Petitioner's Motion to Alter or Vacate the Judgment should be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be

objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 1, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>United States Magistrate Judge