# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

SIDNEY MEJIA,

        Petitioner,     :     Case No. 2:22-cv-3257

- vs -     District Judge Edmund A. Sargus, Jr.
     Magistrate Judge Michael R. Merz

TOM WATSON,

     :

        Respondent.

## REPORT AND RECOMMENDATIONS ON UNTIMELY OBJECTIONS; ORDER TO THE CLERK

This habeas corpus case is before the Court on Petitioner's Motion for Leave to File Objections to Magistrate's Report and Recommendation Instanter (ECF No. 31).

The content of the Motion and attached Objections show that Petitioner is objecting to the Report and Recommendations filed December 1, 2023 (ECF No. 29) which Petitioner claims he only received December 28, 2023. He asserts this is because of a mailing mixup in that the Court sent the Report to his old address at North Central Correctional Institution in Marion, Ohio, instead of his current address at Northeastern Ohio Correctional Center, 2240 Hubbard Road, Youngstown, Ohio 44505. **The Clerk is ORDERED to change Petitioner's address as shown and to mail a copy of this Report to Petitioner at that address, showing the address on the docket.**

On November 30, 2023, Petitioner filed his Motion to Amend the Judgment under Fed.R.Civ.P. 59(e)(ECF No. 28). In the body of that Motion, he advised the Court of his change

1

of address.  However, he also claimed he had previously notified the Clerk of the change by letter.  No such letter has been docketed in the case.  Petitioner's last filing before November 30 was his Declaration of Inmate Filing (ECF No. 23) which gives his address at North Central Correctional Institution, the address that appears on the docket.

Petitioner's Motion does not contain a declaration of when it was placed in the prison mail system. However, it contains two certificates of service for January 8, 2024.  Assuming that is the date of deposit in the mail, the Objections are untimely; under Fed.R.Civ.P. 72 and Fed.R.Civ.P. 6, they were due December 18, 2023.  Because of the mail mixup, however, the Court will accept them.

The Report of December 1, 2023, dealt with Petitioner's Motion for Relief from Judgment or to Amend the Judgment.  Petitioner's current Objections do not speak to that Report, but rather address the merits of the Petition.  The Magistrate Judge recommended the Court accept the Warden's procedural default defense and noted that Petitioner had not suggested any excusing cause and prejudice in his Traverse.  Petitioner now objects that he is actually innocent and notes that actual innocence will excuse procedural default.  Petitioner claims he has shown actual innocence by "affidavits," but gives no record reference to any such affidavits.

**Conclusion**

The Court should consider Petitioner's Objections, but overrule them because they are without merit.  The judgment of dismissal should be allowed to stand.

January 19, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

2

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #