UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SIDNEY MEJIA,**

        **Petitioner,**

v.

        **Case No. 2:22-cv-03257**
        **Judge Edmund A. Sargus**
        **Magistrate Judge Michael R. Merz**

**TOM WATSON,**

        **Respondent.**

## **ORDER**

This matter is before the Court on a "Report and Recommendations on Untimely Objections; Order to the Clerk" issued by the Magistrate Judge. (ECF No. 32.)

Proceeding *pro se*, Petitioner Sidney Mejia brought this habeas corpus case under 28 U.S.C. § 2254 to obtain relief from his conviction and sentence in the Union County Court of Common Pleas for assault and felonious assault with a firearm specification. (ECF Nos. 1, 19.) The case was transferred to this Court from the Northern District of Ohio. (ECF No. 5.) After two Reports and Recommendations on Mr. Mejia's petition by the Magistrate Judge—the second of which addressed Mr. Mejia's objections to the first Report and Recommendation after recommittal—this Court adopted the Reports and Recommendations, dismissed the petition with prejudice, and entered judgment. (ECF Nos. 19, 24, 25, 26, 27.)

Post-judgment, Mr. Mejia moved for relief under Rules 59(e) and 60(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 28.) The Magistrate Judge entered a Report and Recommendation on December 1, 2023, recommending that the Court deny the Rule 59(e) portion of the motion as untimely. (ECF No. 29, PageID 323–24.) The Magistrate Judge relied on Federal Rule of Civil Procedure 6, which expressly prohibits extending the time to file such a

motion beyond the 28-day time limit set in Rule 59. (*Id.*) He found Mr. Mejia had not shown entitlement to relief under Rule 60(b)(6), rejecting Mr. Mejia's contention that manifest injustice would result by prohibiting him from arguing the merits of his objections. (*Id.* PageID 324.) The Magistrate Judge explained there was "no injustice at all in requiring Petitioner to follow the same rules applied to all litigants." (*Id.*) The Court adopted the Magistrate Judge's Report and Recommendation and denied Mr. Mejia's motion. (ECF No. 30.) The case remained closed.

The same month the Court filed its order, Mr. Mejia filed another motion, titled Motion for Leave to File Objections to Magistrate's Report and Recommendation Instanter. (ECF No. 31.) The Magistrate Judge issued his Report and Recommendation on the Motion for Leave. (ECF No. 32.) He observed that Mr. Mejia's Motion for Leave made untimely objections to the December 1, 2023, Report and Recommendation. (*Id.* PageID 338; *see* ECF No. 36.) Despite the untimeliness of the objections, the Magistrate Judge accepted and analyzed the filing. (ECF No. 32, PageID 339; ECF No. 36.) He explained that the objections did not speak to the December 1, 2023 Report and Recommendation but addressed the merits of Mr. Mejia's habeas petition. (ECF No. 32, PageID 339.) The Magistrate Judge explained again that Mr. Mejia's claims were procedurally defaulted because the Ohio Supreme Court dismissed Mr. Mejia's case after he failed to timely file a jurisdictional memorandum. (*Id.*; ECF No. 14, PageID 253.) Mr. Mejia had not offered any excusing cause and prejudice. (ECF No. 32, PageID 339.)

Mr. Mejia objected to the Magistrate Judge's most recent Report and Recommendations. (ECF No. 37.) He argues the merits of his petition. (*Id.*)

A litigant who is the subject of an adverse report and recommendation from a magistrate judge is entitled to de novo review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court finds no error in the Magistrate Judge's conclusions or reasoning after a de novo review of the most recent Report and Recommendations and the docket. Mr. Mejia's objections do not change that conclusion. (*See* ECF No. 37.) Mr. Mejia argues the merits of his petition, but the Magistrate Judge explained in the Reports and Recommendations why Mr. Mejia's claims were procedurally defaulted. (*See* ECF No. 19, 25, 32.) Mr. Mejia misunderstands procedural default and exhaustion, and the Magistrate Judge's reasoning and conclusions were sound. (ECF No. 37, PageID 355.)

For the reasons set forth in it, the Court **ADOPTS** and **AFFIRMS** the Report and Recommendations on Untimely Objections; Order to the Clerk. (ECF No. 32.) Mr. Mejia's Motion for Leave to File Objections to Magistrate's Report and Recommendation Instanter (ECF No. 31) is **GRANTED**, but the Court analyzed the objections (ECF No. 37) and **OVERRULES** them.

This case remains closed.

    IT IS SO ORDERED.

<u>5/15/2025</u>                                        <u>s/Edmund A. Sargus, Jr.</u>
**DATE**                                                      **EDMUND A. SARGUS, JR.**
                                                             **UNITED STATES DISTRICT JUDGE**