## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

SIDNEY MEJIA,

|  |  |  |  |
|---|---|---|---|
| | Petitioner, | : | Case No. 2:22-cv-3257 |

- vs -                                          District Judge Edmund A. Sargus, Jr.
                                                Magistrate Judge Michael R. Merz

TOM WATSON,

                                    :

          Respondent.

---

# REPORT AND RECOMMENDATIONS ON MOTION FOR
# CERTIFICATE OF APPEALABILITY

---

This habeas corpus case is before the Court on Petitioner's Motion for a Certificate of Appealability (ECF No. 40).

**Timeliness**

On October 11, 2023, District Judge Sargus adopted the recommendation of the undersigned that this habeas corpus case should be dismissed with prejudice (ECF No. 26).  As part of that Order, Judge Sargus denied any request for a certificate of appealability, adopting the undersigned's recommendation to that effect (See Reports, ECF No. 19 & 25). Judgment was entered by the Clerk on the same day (ECF No. 27).  Petitioner's time to appeal began to run October 11, 2023, and expired thirty days later on November 10, 2023.  Fed. R. App. P. 4(a)(1)(A). The same Rule requires that the Notice of Appeal be filed in the District Court.

1

Petitioner filed no Notice of Appeal by November 10, 2023.  Instead he filed a combined Motion under Fed.R.Civ.P. 59(e) and 60(b)(6) claiming that the R&R had been mailed to the wrong address (ECF No. 28).  In recommending that the combined Motion be denied, the undersigned noted that, despite Petitioner's claim of having done so, the Court had not been notified of his change of address (Report, ECF No. 29).  He in fact admitted that he had received the R&R at his new address on October 18, 2023. *Id.* at PageID 323.  Petitioner filed no timely objections to this Report and Judge Sargus adopted it on January 3, 2024 (ECF No. 30).

Five days later on January 8, 2024, Petitioner mailed a set of Objections to the Court (ECF No. 31).  The undersigned recommended that they be considered because of the mail mix up but overruled because they were without merit (Report, ECF No. 32).  Petitioner filed timely Objections on March 2, 2024 (ECF No. 37).  On May 15, 2025, Judge Sargus declined to reopen the judgment, finding Petitioner had not overcome the Court's previous conclusion that his claims were barred by procedural default (ECF No. 38).

On June 27, 2025, the Clerk of the Sixth Circuit received a Notice of Appeal from Petitioner which she purportedly[1] forwarded to the Clerk of this Court for filing here under cover of a letter dated June 30, 2025 (ECF No. 40-1).  Petitioner mailed the Notice of Appeal to the Sixth Circuit on June 26, 2025 (See postmark at ECF No. 40, PageID 380).

As an imprisoned litigant, Petitioner is entitled to the benefit of the "mailbox rule" adopted by the Supreme Court in *Houston  v. Lack*, 487 U.S. 266 (1988), to wit, matters mailed to the Court are deemed filed as of the date the filing is deposited in the prison mailing system.  Petitioner provides no declaration of the date of deposit.  Assuming it is the date the envelope was postmarked – June 26, 2025 --  the Notice of Appeal is untimely.  Under the most generous calculation of time[2]

---

[1] Although the Clerk's cover letter says that the Notice of Appeal is enclosed, in fact it was not.
[2] This calculation would take May 15, 2025, as the date this Court disposed of Petitioner's Fed.R.Civ.P. 59(e) motion.

the Notice of Appeal was required to be filed by June 14, 2025, and it was not filed until twelve

days later.  The Motion for Certificate of Appealability should be denied because the Notice of

Appeal was untimely filed.


**Merits**


The Motion should also be denied because  Petitioner has not overcome the Court's finding

of procedural default.   In his instant Motion Petitioner acknowledges that prior finding of

procedural default, but does nothing to rebut it.  The original finding on that question was that

Petitioner had procedurally defaulted his claims by not timely filing a memorandum in support of

jurisdiction in the Ohio Supreme Court (See Report, ECF No. 19, PageID 286).  Petitioner has

never offered excusing cause and prejudice for that failure and his alternative attempted showing

of actual innocence does not meet the standard of *McQuiggin v. Perkins*, 569 U.S. 383 (2013).


**Conclusion**


Based on the foregoing analysis, the Magistrate Judge respectfully recommends that that

the instant Motion for Certificate of Appealability be denied.  Denial of a certificate is not itself

appealable, but Petitioner can seek a certificate directly from the Sixth Circuit.


July 7, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

---

See Fed. R. App. P. 4(a)(4)(4)(iv).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #